IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HENRY LEE CRAIG, #76582                                                          PETITIONER

VS.                                              CIVIL ACTION NO. 1:16cv371-LG-FKB

MISSISSIPPI DEPARTMENT OF CORRECTIONS                          RESPONDENT

## REPORT AND RECOMMENDATION

This matter is before the Court on the Respondent's Motion to Dismiss [18] filed pursuant to 28 U.S.C. § 2244(d), to which Petitioner Craig has responded. In addition, Craig has filed a Motion for Consideration of Equitable Tolling, [21], and a Motion to Vacate Judgment [27], to which the State has responded, as well as a Motion for Order to Show Cause [24]. For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted and Craig's Motions be denied.

## I. FACTS AND PROCEDURAL HISTORY

In May 2011, a jury convicted Craig of the crime of murder in the Circuit Court of Jackson County, Mississippi. The trial court sentenced Craig to a term of life in the custody of the Mississippi Department of Corrections. [18-1]. On November 6, 2012, the Mississippi Court of Appeals affirmed Craig's judgment of conviction and sentence. *Craig v. State*, 110 So. 3d 807 (Miss. Ct. App. 2012). The State court record reflects that Craig, proceeding *pro se*, was granted five extensions of time to file a motion for rehearing, but he failed to file a motion for rehearing before the final deadline of April 15, 2013. [18-3]. The mandate issued on April 30, 2013, and, thereafter, Craig filed a motion for reconsideration of a time extension, which the Court of Appeals denied. *See* Order, *Craig v. State*, No. 2011-KA-0123-COA (June 19, 2013), attached hereto as Exhibit 1. On June 28, 2013, the Court of Appeals denied Craig's Motion for

Reconsideration of the Direct Appeal. [18-4]. It follows, therefore, that Craig failed to timely seek discretionary review in the state courts by filing a petition for rehearing as provided for in Mississippi Rule of Appellate Procedure 40. "By failing to file a petition for discretionary review, [he] apparently waived [his] right to seek a writ of certiorari from the Supreme Court." *Roberts v. Cockrell*, 319 F.3d 690, 693 n. 14 (5th Cir. 2003). Thus, according to the Respondent, it appears that Craig's conviction was final, and his federal habeas statute of limitations period began to run on April 15, 2013, the date on which his time for seeking discretionary review in state court expired. Therefore, without tolling pursuant to 28 U.S.C. § 2244(d)(2), Craig's federal habeas statute of limitation expired on April 15, 2014.

Craig filed his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in this Court when he signed it on October 1, 2015.[1] The State responded with its Motion to Dismiss [18] with related exhibits, arguing that the petition is untimely. Petitioner has responded to the Motion to Dismiss, and he has filed several related motions in which he argues that he is entitled to both statutory and equitable tolling. The Court now turns to consider the pending motions and related exhibits.

## II. DISCUSSION

Craig asserts eight separate bases for relief in support of his position that a writ of habeas corpus should be granted in his favor. Because the Court finds that Craig's petition is untimely, it will not address the merits of his arguments.

---

[1]"For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. *See United States v. O'Kaine*, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997)." *Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition. Asserting that Craig's petition does not fall into any of the exceptions listed in § 2244(d)(1)(B)-(D), the State argues that the petition is untimely. A review of the relevant dates shows that the State is correct.

Craig's conviction became final on April 15, 2013, when his time period for seeking

discretionary review before the Mississippi Court of Appeals expired.[2]  Under § 2244(d)(1), and without the benefit of tolling pursuant to § 2244(d)(2),[3] Craig's application for a writ of habeas corpus was due in this Court within one year, or by April 15, 2014.  Craig's petition was signed on October 12, 2016, and received by the Court on October 17, 2016. Thus, Craig's petition was filed nearly two and one-half years after the April 15, 2014, deadline for filing his federal habeas petition.

In an attempt to excuse the untimely filing of his petition, Craig argues that he is entitled to tolling on several bases.  In his petition, Craig argues that the Inmate Legal Assistance Program ("ILAP") at the Wilkinson County Correctional Facility ("WCCF"), failed to provide him with the proper forms so that he could file his federal habeas petition in a timely manner. [1-5], [1-6].  In order to avail himself to the benefits of statutory tolling under 28 U.S.C. §

---

[2]The Fifth Circuit has ruled that a prisoner who does not seek discretionary review from the state's highest court does not receive the benefit of the ninety-day period for seeking a writ of *certiorari* from the United States Supreme Court.  *Roberts v. Cockrell*, 319 F.3d 690, 693-94 (5th Cir. 2003).  Thus, for a prisoner who stops his appeal process at the Mississippi Court of Appeals, a conviction becomes final when the time for seeking review from the Mississippi Supreme Court expires. Pursuant to Mississippi Rule of Appellate Procedure 17(b), a party must first file a motion for rehearing in the Court of Appeals before filing a petition for writ of *certiorari* with Mississippi's highest court, the Mississippi Supreme Court.  As explained above, in Craig's case, the Mississippi Court of Appeals extended his time for filing a motion for rehearing five times, from November 20, 2012, until April 15, 2013.  He failed to file a motion for rehearing by April 15, 2013, thus his conviction became final on that date.

[3] Craig did not file a petition for post-conviction collateral relief before the federal habeas statute of limitations expired on April 15, 2014.  He did, however, file an application for leave to seek post-conviction relief on October 1, 2015, which was denied by the Mississippi Supreme Court in an Order filed December 9, 2015.  [18-5], [18-6].  "A motion for post-conviction relief in the state court [that] was filed by the petitioner after the expiration of the federal period of limitations . . . is irrelevant."  *Jackson v. Brewer*, 2010 WL 4531386 (N.D. Miss. Oct. 14, 2010).  Accordingly, his attempt to seek post-conviction collateral relief in state court does not entitle him to tolling under 28 U.S.C. § 2244(d)(2).

2244(d)(1)(B), Petitioner is required to show that "(1) he was prevented from filing a petition (2) by State Action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433 436 (5th Cir. 2003).

The existing records from the ILAP belie Craig's argument and show that he waited until September 15, 2013, five months after the expiration of his time to file a motion for rehearing, to request materials and forms for pursuing both state post-conviction relief and federal habeas relief. [18-8]. These materials were delivered to him by September 20, 2013. *Id.* Additionally, the State has included as an exhibit Craig's ILAP request forms submitted between July 2013 and January 2017, totaling 352 pages. [18-11]. These records demonstrate that between July 8, 2013, and April 6, 2014, during the relevant time period, he made a total of twenty-nine (29) requests for assistance through the ILAP. *Id.* at 1-81. These requests for various cases, statutes, forms, and writing supplies were promptly fulfilled within the program's parameters limiting an inmate to ten cases per week including supplies and mail services. *Id.* at 17. Thus, Craig has failed to demonstrate that any "State Action" prevented him from timely filing his petition for habeas relief.

Craig, furthermore, is not entitled to equitable tolling of the federal statute of limitations. After waiting nearly two and one-half years beyond the expiration of the federal habeas deadline to file the instant petition, Craig attempts to pin his failure to pursue a timely "petition" –be it a petition for hearing before the Mississippi Court of appeals, a petition for writ of *certiorari* before the Mississippi Supreme Court, a motion for post-conviction relief in state court, or a petition for habeas corpus relief in this Court–on his appellate counsel's failure to inform him of the correct dates for expiration of his time to seek further review in state courts. [21] at 9. In a

letter dated November 8, 2012, counsel in his direct appeal made an obvious typographical error when giving him the deadlines for seeking further state review, referring, instead, to the date of "December 8, 2009" as the date by which he must seek rehearing before the Mississippi Court of Appeals. [21-3]. Craig's argument, once again, is belied by his five separate requests for extensions of the deadline for filing a motion for rehearing, all filed *pro se.* [18-3]. However, his counsel's admonition that he should act "quickly" to pursue state post-conviction collateral relief or federal habeas relief included the correct time limits of "one year for federal habeas corpus and three years for state post conviction relief." [21-3]. This alleged failure by appellate counsel does not warrant equitable tolling, as there is no right to counsel in discretionary state appeals or collateral relief. *See Wainwright v. Torna*, 455 U.S. 586, 586 (1982); *see also Ross v. Moffitt*, 417 U.S. 600 (1974)(right to counsel at early stages of a criminal procedure does not carry over to discretionary appeal provided by state law from intermediate appellate court to state supreme court); *Murray v. Giarratano*, 109 S.Ct. 2765 (1989)(there is no constitutional right to counsel in state post-conviction proceedings).

In addition, Craig cites no "rare and exceptional circumstances" justifying equitable tolling.[4] As explained *supra,* Craig's arguments that the ILAP program did not meet his needs are unavailing. Furthermore, Craig's attempt to construe his sentence and conviction as "illegal"

---

[4]"'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999)(quoting *Rashidi v. American President Lines*, 96 F.3d 124 128 (5th Cir. 1996). "Equitable tolling will be granted in 'rare and exceptional circumstances, ' and will not be granted if the applicant failed to diligently pursue his rights." *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004)(citations omitted); *see also Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999)(In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief.). Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing. *Larry*, 361 F.3d at 897.

and affecting his fundamental constitutional rights based on his allegations of witness intimidation also fails. Craig's own filings show that he was aware of and made this argument at trial, [21-1], and this argument provides no basis to excuse the untimely filing of his petition. "There is no such exception [for an illegal sentence] to the period of limitations for filing for federal review of a state criminal conviction." *Jackson*, 2010 WL 4531386 at *1(finding that a petition for habeas corpus relief was not exempt to the federal period of limitations despite petitioner's argument that his sentence was "illegal" and affected his fundamental constitutional rights). Accordingly, Craig's petition is untimely under 28 U.S.C. § 2244, and, therefore, must be dismissed.

### III. CONCLUSION

Accordingly, for the reasons discussed above, the Respondent's Motion to Dismiss [18] should be granted, Petitioner's motions [21], [24], and [27], should be denied, and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 4th day of August, 2017.

       /s/ F. Keith Ball
    UNITED STATES MAGISTRATE JUDGE